Catron, Ch. J.
delivered the opinion of the court.
The first question presented by the record is, whether Jacob Fermault took a vested remainder in the estate in controversy. He was, at the death of John Fermault, a person in being, who would have an immediate right of possession of the lands, upon the death or marriage of his mother, who by the words and plain intention of the testator, took only an estate for life or widowhood.
2. Was such title in remainder, subject to be seized and sold by virtue of a fieri facias against the property of Jacob Fermault, during the life time, and before the marriage of his mother, and when he neither had the possession or the right of possession?
Whether a vested remainder could be extended in *441 England by the writ of elegit, it is not very material to inquire; forasmuch as the extent only communicated to the creditor a right to a moiety of the rents and profits arising, for a time sufficient to pay the debt, a mere chattel interest was taken, in its nature valuable; and there were many reasons why possession should accompany the extent, yet a reversion could be extended, and the plaintiff have a moiety of the rents arising to the lessor. 2 Sanders 69, note to Underhill vs Devereux.
This cause depends upon the construction of our statutes, subjecting lands and tenements to sale, divesting the legal title of the debtor and vesting it in the purchaser. It never has been supposed, that the defendant in the execution, must be in possession of the land to authorize a levy and sale. The judgment binds the land, although adversely holden by a third person; in which case it may be sold, and the purchaser recover in ejectment. Champerty act of 1821, ch. 66, sec. 1.
The descriptive term of the estate, subject to levy and sale by the act of 1794, ch. 1, sec. 23, is “lands and tenements,” and which, it is believed, has by the concurrent opinion of the courts and country, been construed to embrace such a legal estate as might be recovered by action of ejectment, not merely at the time the purchase was made, but after an existing interest and right of possession in another had expired: for instance, A leased to B for one or more years; after C recovered judgment against A; it never has been questioned but that the estate in reversion could be sold, subject to the incumbrance of the term for years.
No distinction can be seen between a reversion and a vested remainder; both the remainderman and the re-versioner, have a present, vested legal interest, covered by the description, “lands and tenements,” out of which the creditor is entitled to satisfaction, either at law or in equity; and there being jao embarrassment to. *442 the remedy at law, no reason can be perceived why it should not be resorted to.
The same has been holden in Massachusetts in the construction of their statute, differing, however, from ours in its language, by using the words “real estates,” instead of “lands and tenements;” yet the reasoning employed well applies to the description given by our legislature.
Judgment affirmed.
Green, J. doubted on" the last point.